Argued and submitted June 24, affirmed August 5, reconsideration denied September 23, petition for review allowed December 22, 1992 (315 Or 271)

Irving C. STEVENS
and Jeanette Stevens,
*Appellants,*

*v.*

CITY OF CANNON BEACH
and State of Oregon,
Department of Parks & Recreation,
*Respondents.*

(90-2061; CA A68916)

835 P2d 940

Garry P. McMurry, Portland, argued the cause for appellants. With him on the briefs was Garry P. McMurry & Assoc., Portland.

Jack L. Landau, Deputy Attorney General, Salem, argued the cause for respondent State of Oregon. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

William R. Canessa and Campbell, Moberg & Canessa, P.C., Seaside, filed the brief for respondent City of Cannon Beach.

Keith A. Bartholomew, and Interns, Michael Clinton and Carrie Stilwell, Portland, filed a brief *amicus curiae* for 1000 Friends of Oregon, League of Women Voters of Oregon and Oregon Shores Conservation Coalition.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiffs own two vacant lots in the dry sand area of the city of Cannon Beach (city). They applied to defendants city and Oregon Department of Parks & Recreation (department) for permits to build a seawall as part of the eventual development of the lots for motel or hotel use. City and department denied the applications on a number of grounds.

Plaintiffs then brought this inverse condemnation action, asserting that city's and department's decisions, and the regulations on which they are based, constitute uncompensated takings of plaintiffs' property, in violation of the Fifth Amendment to the United States Constitution and Article I, section 18, of the Oregon Constitution. Defendants moved to dismiss the taking claims. Relying on *State ex rel Thornton v. Hay*, 254 Or 584, 462 P2d 671 (1969), the trial court allowed the motions and explained that the denial of the applications took nothing from plaintiffs, because their property interests have never included development rights that could interfere with the public's use of the dry sand area.[1] Plaintiffs appeal, and we affirm.

Although plaintiffs argue otherwise, the trial court's reading and application of *State ex rel Thornton v. Hay, supra*, were correct. In that case, the Supreme Court reasoned that the public had acquired the right to use the dry sand area of Cannon Beach under the "doctrine of custom." That right was held to be superior to the rights of owners[2] of property in the area, insofar as they sought to use it in ways that could obstruct or interfere with the public's use. The court explained:

> "The disputed area is *sui generis*. While the foreshore is 'owned' by the state, and the upland is 'owned' by the patentee or record-title holder, neither can be said to 'own' the full bundle of rights normally connoted by the term 'estate in fee simple.' * * *

---

[1] Plaintiffs then voluntarily dismissed their remaining claim, which sought relief other than compensation for a taking.

[2] Plaintiffs argue that their interest, acquired in 1957, predated the decision in *State ex rel Thornton v. Hay, supra*, and is therefore senior to the public rights recognized in that case. However, the date of the decision is not relevant. Rather, the question is when, under the reasoning of *Hay*, the public rights came into being, and the answer is that that must have occurred long before 1957.

"\* \* \* \* \*

"The rule in this case, based upon custom, is salutary in confirming a public right, and at the same time it takes from no man anything which he has had a legitimate reason to regard as exclusively his." 254 Or at 591, 599.

*See also McDonald v. Halvorson*, 308 Or 340, 780 P2d 714 (1989).

In short, under the Supreme Court's decision in *Hay*, plaintiffs have never had the property interests that they claim were taken by defendants' decisions and regulations. The question before *this* court, therefore, is necessarily very narrow. We must follow the Supreme Court's decision unless, as plaintiffs argue, that decision constitutes a taking in itself and is contrary to United States Supreme Court decisions applying the Takings Clause of the Fifth Amendment.

After oral arguments in this case, the United States Supreme Court decided *Lucas v. South Carolina Coastal Council*, 505 US ___, 112 S Ct 2886, 120 L Ed 2d 798 (1992). The Court said:

"Where the State seeks to sustain regulation that deprives land of all economically beneficial use, we think it may resist compensation only if the logically antecedent inquiry into the nature of the owner's estate shows that the proscribed use interests were not part of his title to begin with."[3] 505 US at ___, 120 L Ed 2d at 820. (Footnote omitted.)

The opinion makes it clear that that issue is to be decided under the "State's law of property and nuisance." ___ US at ___, 120 L Ed 2d at 821.

*State ex rel Thornton v. Hay, supra*, is an expression of state law that the purportedly taken property interest was not part of plaintiffs' estate to begin with. Accordingly, there was no taking within the meaning of the Oregon or United States Constitutions. The trial court did not err by dismissing the taking claims.

Given the basis for our holding, we do not reach the parties' other arguments.

Affirmed.

---

[3] We assume for purposes of discussion, but do not decide, that defendants' actions would deprive plaintiffs of all economically beneficial use of the lots.